Ruffin, Chief Justice.
 

 — It, is imputed as an error in the opinion of his Honor, that it absolutely requires the articles intended to be shipped to be at the shipping port before, or as soon as the vessel was ready to receive her cargo. It is said, the agreement contains no such clause; and that it could not be material to the plaintiff where the cargo was, provided it were put on board in a reasonable time.
 

 It is true, there is not in the charter party a distinct provision, that the defendant should have the cargo at Swansboro at any particular time. Had the plaintiff declared on the deed as containing such a stipulation, either expressly or according to its legal effect, as a substantive stipulation, there would have been force in the objection. But that is not the case. The gravamen of the complaint is not, that the cargo was not at the place upon the arrival of the vessel, but that no part of it was put on board for four days thereafter, and that the vessel was thereby unnecessarily and unreasonably detained for that period. That is the breach assigned in the declaration. Upon the case thus stated, the alleged error appears to us to be a mere verbal criticism upon the language of the Judge, as laying down a general proposition, instead of regarding it in connection with the point actually in controversy between the parties.
 

 Had the turpentine been on the wharf at which the
 
 *545
 
 vessel was lying, and the merchant refused or neglected to deliver it, no one would say that the owner ought not to have compensation for the detention. The defendant in this case, is no less the anthor of the delay than if he had wilfully withheld the cargo; and the loss to the plaintiff is the same in both cases. , So likewise, is consequently the injury, unless the stipulations of the parties allowed to the defendant, a longer time to load, in the case which has happened, than he would have generally. The contract is silent as to any particular number of. days to be allowed for loading, or during which the vessel might be detained upon demurrage. It is in general terms, that the defendant shall furnish a cargo at Swansboro, and load the vessel, in a reasonable time after her arrival. There is nothing, therefore,’ in the instrument to exonerate the defendant from the ordinary liabilities of a merchant, contracting to ship on freight, at a particular port; which, necessarily, includes a delivery at that place, and at the time agreed on. But it is obvious, from the evidence offered by the defendant, that on. the trial he insisted, that although the delay might be deemed unreasonable if he had lived in Swansboro, and had his turpentine on the beach, yet it was excused in him, because he resided ten miles off, and could not sooner1 bring the articles to the vessel, after notice of her readiness. It was in reference to this pretension, that the Judge laid it down that the defendant was bound to have the cargo at the place in readiness to load the vessel at her arrival; not as we understand him, that the plaintiff could recover merely because the cargo was not at the place, but that a delay in loading was not justified by the circumstance that the cargo was not at the port, but at the defendant's residence, and that, to save himself from damages for the detention, the defendant ought to have had the cargo at Swansboro, instead of at his own house. In that opinion this Court concurs. If the defendant was not confident of providing the cargo* by the arrival of the vessel, he should have protected himself by a reservation of so many day’s detention. The excuse that he could not buy the cargo at all, would be as satisfactory as that he could not have it at the place in
 
 *546
 
 ^ue season.. Nor will it do for him to say, that he used diligence to get it there after the vessel arrived.. By t'ie agreement> the vessel is to wait for nothing, after her arrival, but to be loaded. It is presupposed that the cargo is in readiness ; and that she will be detained no longer than is necessary to put it on board. In this sense, therefore, we think it correct to say, that the shipper was bound to have the cargo there or pay damages for its detention. To the plaintiff it is the same, whether the defendant would not, or could not, load the ship in a reasonable time after her arrival.
 

 It is not material to consider whether the jury or the Court must ordinarily determine the question of reasonable time. A case proper for the jury, perhaps, might have been made upon evidence as to the size of the vessel, and cargo, the assistance to be had at the port, and the usual time occupied in loading at that place, if the dispute had been, whether the shipment begun in due time,. had been completed in due time. But this verdict confines the damages to the period during which the vessel and crew were kept entirely idle. For that delay, the plaintiff is entitled, in law, to recover. A delay in beginning to load for four entire days must be unreásonable.
 

 Per Curiam. Judgment affirmed.